IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JUN 3 0 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES OF AMERICA

v.                                                    No. 4:14-MJ- 𝟸𝟾𝟶

RICHARD LEWIS GOINS (01)

CRIMINAL COMPLAINT

Beginning on or about January 23, 2003, and continuing thereafter through on or about April 11, 2008, in the Fort Worth Division of the Northern District of Texas, defendant **RICHARD LEWIS GOINS** did unlawfully and knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain money under the custody and control of a federally insured financial institution, that is, Washington Mutual Bank, by means of materially false and fraudulent pretenses, representations, and promises.

It was part of the scheme and artifice that defendant **GOINS** would fraudulently prepare and submit applications for partial and full withdrawal of money from annuities which had been opened by customers of Washington Mutual Bank, the withdrawals from which were made without the customers knowledge or consent and which applications contained the forged signature of the bank customer.

It was further part of the scheme and artifice that the fraudulently prepared applications for partial and full withdrawal of money from annuities opened by customers of Washington Mutual Bank would fraudulently direct that a check for the remittance be sent to a mailing address under **GOINS** control which was not a mailing address of the bank customer.

It was further part of the scheme and artifice that upon receipt of the remittance checks requested in the fraudulently prepared and submitted applications for partial and full withdrawal of money from annuities opened by customers of Washington Mutual Bank, that defendant **GOINS** would fraudulently convert the funds represented by such checks into Washington Mutual Bank official checks and unlawfully utilize those proceeds for his own purposes.

**CRIMINAL COMPLAINT- Page 1**

Beginning on or about February 28, 2007, and continuing thereafter until on or about March 7, 2007, in the Fort Worth Division of the Northern District of Texas, defendant **RICHARD LEWIS GOINS** did unlawfully and knowingly execute and attempt to execute the referenced scheme and artifice to defraud and to obtain money under the custody and control of a federally insured financial institution, to wit: Washington Mutual Bank, by means of materially false and fraudulent pretenses, representations, and promises, that is, by fraudulently causing the issuance and receipt of Nationwide Life Insurance Company check #1023969674, payable to D.S., in the amount of $10,000, to defendant **RICHARD LEWIS GOINS,** who thereafter did convert the proceeds of said check into the forms as follows:

a.      A Washington Mutual Official check # 014695794, dated 3/6/2007, in the amount of $4,909.26, payable to Capital One credit card account #5178052230788628, remitter shown as D.S;

b.      A Washington Mutual Official check # 014695795, dated 3/6/2007, in the amount of $4,435.66, payable to Citi #5466160219416029, remitter shown as D.S; and

c.      Cash in the amount of $655.08,

when in truth and fact, as the defendant well knew, he had no right to the proceeds of said check.

In violation of 18 U.S.C. §1344.

## AFFIDAVIT

Affiant is employed by the United States Postal Inspection Service as a Postal Inspector and has been so employed for approximately 11 years. Affiant is currently assigned to the Fort Worth Division Mail Fraud Team with duties including, but are not limited to, investigating violations involving the United States mail and other federal law violations including 18 U.S.C. §1344 (Bank Fraud).

1.      The information contained in this Complaint was obtained by Affiant through personal investigation and review of records, obtained directly from other investigators and law enforcement officers, and through review of investigators

and law enforcement officers written reports of investigation. This information is true and correct to the best of Affiant's knowledge and belief.

2.      On or about January 14, 2010, Affiant was assigned an investigation of **RICHARD LEWIS GOINS (GOINS)**, a Financial Consultant for WM Financial Services, a subsidiary of Washington Mutual Bank, Inc. (WaMu), a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC). The investigation involved allegations that **GOINS** had obtained funds of WaMu customers which had been placed into brokerage accounts which he managed, and without the customer's knowledge or consent, **GOINS** had fraudulently misapplied those funds to his own personal use.

3.      Investigation of the allegations by Affiant revealed that in each instance of fraudulent misapplication, defendant **GOINS** faxed an unauthorized and fraudulent application for partial or full withdrawal of funds from an annuity contract that had been previously obtained by a customer of WaMu; that the unauthorized and fraudulent application for partial or full withdrawal of funds by defendant **GOINS** bore a forged signature of the annuity contract holder; that on each occasion **GOINS** requested overnight delivery of the withdrawal check and in the instances in which a delivery address was provided, the address was that of a branch office of WaMu utilized by defendant **GOINS**; that upon receipt of a check representing the requested partial or full withdrawal of funds, defendant **GOINS** utilized the funds to obtain one or more Official WaMu Bank checks and, on occasion received the remainder in cash; and finally, that on each occasion defendant **GOINS** fraudulently used the funds represented by the Official WaMu Bank checks and cash for his own purposes.

4.      A review of **GOINS** employment records by Affiant revealed that beginning in or about April 1991, he was variously employed as a Financial Consultant and Investment Executive by Paine Webber, First Interstate Bank/Wells Fargo, Dean Witter, and Merrill Lynch. Then, in July 1997, **GOINS** began employment as a Financial Consultant and Investment Executive with Bank United. In 2001, Bank United merged with WaMu and **GOINS** was employed as a Financial Consultant for WM Financial Services, a subsidiary of WaMu. **GOINS** employment with WM Financial Services was terminated on September 28, 2007.

## Nationwide Annuity Contract of D.S.

5.     On April 17, 2014, D.S. was interviewed by Affiant and provided the following information.  In November 2002, D.S., then an existing customer of WaMu, was referred by a WaMu employee to **GOINS** and thereafter purchased two annuities from Nationwide based upon the recommendation of **GOINS**, one of which is further described as Nationwide Life Insurance (Nationwide) annuity contract number 015715137, purchased as a rollover from D.S.'s BNSF retirement fund.  Each of these annuities were held in the brokerage account of D.S. at WM Financial Services and managed by **GOINS**.

During the period of 2003 through 2007, D.S. would meet with **GOINS** in February of each year to discuss his finances and prepare his federal income tax return.  D.S. further advised Affiant that at no time did he loan money to **GOINS** or give **GOINS** permission to withdraw funds from or complete withdrawal documents related to his Nationwide annuity contract #015715137, or to receive and negotiate checks representing funds from this Nationwide annuity contract.

6.     Affiant's review of records received from D.S., as well as Nationwide, regarding the D.S. Nationwide annuity contracts, revealed eleven unauthorized withdrawals, totaling $191,322.92, and a separate attempted unauthorized withdrawal in the amount of $110,266.18, made by **GOINS**, from the D.S. Nationwide annuity contract no. 015715137, during the period of May 16, 2005 through September 21, 2007.

## The $ 10,000 Partial Withdrawal

7.     The records received from D.S. and Nationwide, and reviewed by Affiant, included a copy of an Annuity Withdrawal Application for a partial withdrawal of $10,000.00 from Nationwide contract no. 015715137, with instructions to overnight the funds.  The withdrawal document, faxed to Nationwide on 2/28/2007, included a signature purporting to be that of D.S., a social security number, a date of birth, and telephone number of (817) 300-5923.

D.S. advised Affiant that he did not sign the Annuity Withdrawal Application form, nor authorize anyone else to complete the form on his behalf. Affiant recognized telephone number (817) 300-5923 to be identical to that listed

by **GOINS** as his telephone number on an automobile loan application completed by **GOINS** in January 2006 with Nissan Motors.

8.    Records received from D.S. and Nationwide, and reviewed by Affiant, also included a copy of the negotiated Nationwide check no. 1023969674, dated 3/5/2007, in the amount of $10,000, payable to D.S., 6333 Camp Bowie Blvd., Ste. 415, Ft. Worth, TX 76116-5446, issued in response to the request for partial withdrawal.

D.S. advised Affiant that he never received this check. Further D.S. advised that he has never lived at the Camp Bowie Boulevard address and at no time did he provide that address to Nationwide.

Affiant is aware through investigation that 6333 Camp Bowie Blvd., Ste. 415, Ft. Worth, TX 76116-5446, is currently the location of a branch of JP Morgan Chase Bank and formerly WaMu. Affiant is further aware that this WaMu location was one of several that defendant **GOINS** utilized while a Financial Consultant for WM Financial Services.

9.    Affiant then reviewed computer records provided by James Reid, Investigator, Chase Bank relating to the negotiation of Nationwide's check no. 1023969674. Affiant learned that on 3/6/2007, this check was negotiated at WaMu Branch number 1998, located at 6333 Camp Bowie Blvd., Ste. 415, Ft. Worth, TX 76116-5446 and used to purchase two Washington Mutual Official checks and receive cash as follows:

a.    Washington Mutual Official check # 014695794, dated 3/6/2007, in the amount of $4,909.26, payable to Capital One credit card account #5178052230788628, remitter shown as D.S;

b.    Washington Mutual Official check # 014695795, dated 3/6/2007, in the amount of $4,435.66, payable to Citi #5466160219416029, remitter shown as D.S; and

c.    Cash in the amount of $655.08.

**CRIMINAL COMPLAINT- Page 5**

10.     Records received from Capital One, and reviewed by Affiant, revealed that Capital One credit card account #5178052230788628 was in the name of Lewis Goins, 2901 Brown Trail, Bedford, TX 76021-4180. The records further revealed that a payment on that account was posted on 3-7-2007, in the amount of $4,909.26.

D.S. advised Affiant that he never received the Nationwide check representing these funds, nor did he receive the benefit of any Washington Mutual Official check.

Affiant is aware through investigation that 2901 Brown Trail, Bedford, TX 76021-4180, is currently the location of a branch of JP Morgan Chase Bank and formerly WaMu. Affiant is further aware that this WaMu location was one of several that defendant **GOINS** utilized while a Financial Consultant for WM Financial Services.

11.     Records received from Citi Bank, and reviewed by Affiant, revealed that Citi credit card #5466160219416029 in the name of Lewis Goins, 524 Topside Drive, Azle, TX 76020-4929. The records further revealed that a payment on that account was posted on 3-7-2007, in the amount of $4,435.66.

D.S. advised Affiant that he never received the Nationwide check representing these funds, nor did he receive the benefit of any Washington Mutual Official check. Further D.S. advised Affiant that he did not receive any cash as a result of the negotiation of the Nationwide check.

Affiant is aware through investigation that the address of 524 Topside Drive, Azle, TX 76020-4929, was then the residence of defendant **GOINS**, the majority of the closing costs for which was fraudulently obtained from D.S. by **GOINS** in or about May 2005.

12.     Based upon further investigation, Affiant learned that **GOINS** continued in his position as a Financial Consultant for WM Financial Services until terminated by WM Financial Services on September 28, 2007. On that date, **GOINS** prepared a handwritten statement admitting to his employer that he has taken a rollover check in the amount of $3,284.65 from WaMu accountholder L.S. and negotiated the check without her knowledge or consent. **GOINS** admitted

receiving $1,600.00 in cash and depositing the balance of the check into an account held by T.M.

13.     The deposits of Washington Mutual Bank (WaMu) were insured by the Federal Deposit Insurance Corporation (FDIC) under charter number 9576, beginning January 1, 1934.  On September 28, 2008, the FDIC was appointed as Receiver for WaMu and all assets and liabilities were transferred substantially to JPMorgan Chase Bank (Chase Bank), a financial institution, the deposits of which were also insured by the FDIC beginning January 1, 1934, under charter number 628.

14.     Affiant reviewed records from Chase Bank reflecting that on June 24, 2009, Chase Bank made a payment of $199,769.16 to D.S. in settlement of losses he suffered as a result of the misapplication of his funds by **GOINS**.  The amount included $191,322.92 in unauthorized withdrawals from Nationwide contract no. 015715137, which sum included the $10,000 check dated 3/5/2007 fraudulently obtained by **GOINS**.

15.     Based upon the foregoing facts and information, Affiant submits there is probable cause to believe that **RICHARD LEWIS GOINS** did unlawfully and knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain money under the custody and control of a federally insured financial institution, that is, Washington Mutual Bank, by means of materially false and fraudulent pretenses, representations, and promises and thereby committed the offense of Bank Fraud in violation of 18 U.S.C. §1344.

Lisa U. Finley, Postal Inspector
United States Postal Inspection Service

June 30, 2014 at _____1:55pm_____          at  Fort Worth, Texas
Date and Time Issued                                        City and State

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                        Signature of Judicial Officer

**CRIMINAL COMPLAINT- Page 7**